UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE ESTATE OF ROBERT LEE THOMAS, SR., et al., | |
| Plaintiffs, | CASE NO. C03-796Z |
| v. | ORDER |
| MELVIN MILLER, et al., | |
| Defendants. | |

On April 8, 2005 the jury in this matter returned a verdict in favor of defendant Melvin Miller. One of the jurors was Jeff Larsen, an employee of Regence BlueShield, which is in turn a client of defense counsel Mills Meyers Swartling. The Plaintiffs move the Court to disqualify defense counsel because of a conflict of interest, docket no. 272. The Court orally DENIED this motion on June 6, 2005. This order explains the reasoning supporting the denial of the motion to disqualify.

**a.    Standing**

Defendants argue that Plaintiffs lack standing to bring this motion. Plaintiffs respond by arguing that the ethical breach in this case so infects this litigation that it impacts their interest in a just and lawful determination of their claims citing dicta in Colyer v. Smith, 50 F. Supp. 2d 966, 971 (C.D. Cal. 1999).

The Ninth Circuit has not squarely decided when a party has standing to bring a motion to disqualify opposing counsel based on that counsel's conflict of interest which

ORDER
PAGE – 1

implicates its duties of loyalty to a third party.  See Colyer v. Smith, 50 F. Supp. 2d 966, 968-973 (C.D. Cal. 1999) (addressing this question in detail and noting a split of authority among other circuits).  The question was presented to the Ninth Circuit in Kasza v. Browner, 133 F.3d 1159 (9th Cir. 1998), but the court affirmed the district court's refusal to disqualify counsel on other grounds.  In dicta, however, the Kasza court stated that it had "difficulty seeing how the [plaintiff had] standing to complain about a possible conflict of interest arising out of common representation of defendants in different civil actions, having nothing to do with [their] own representation."  Id. at 1171.  In Colyer v. Smith, the court, while noting that the Ninth Circuit had not decided the question, stated, "it seems clear to this court that a non client litigant must establish a personal stake in the motion to disqualify sufficient to satisfy the irreducible constitutional minimum of Article III."  50 F. Supp. 2d at 971.

As the Plaintiffs point out, the Colyer court stated in dicta that if the motion to disqualify was based on an "ethical breach [that] so infects the litigation in which disqualification is sought that it impacts the moving party's interest in a just and lawful determination of her claims, she may have the constitutional standing to bring a motion to disqualify based on a third-party conflict."  Id. at 971-72.  The Plaintiffs have not demonstrated such an extreme ethical lapse in this case.  While defense counsel's failure to alert the Court to the relationship between juror Larsen and their law firm was unfortunate, it was not an ethical lapse of such magnitude to automatically disqualify them.[1]

---

[1] After an evidentiary hearing on June 6, 2005, the Court found that Juror Larsen had no knowledge prior to the verdict that defense counsel had represented Larsen's employer in other unrelated matters prior to trial.  As a result, the Court denied Plaintiffs' Motion for Judgment as a Matter of Law or for a New Trial, docket no. 255.

ORDER
PAGE – 2

1  Additionally, the Plaintiffs have not demonstrated that they have the Article III
2  standing that the Colyer court reminds us is a constitutional minimum.  The
3  requirements of Article III standing are that the party have personally suffered an injury
4  in fact, which is causally related to the conduct at issue and is redressable by a favorable
5  decision of the Court.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).
6  The Plaintiffs have not demonstrated that they have personally suffered an injury in
7  fact that is causally related to defense counsel's representation of the Millers and King
8  County in this case and Regence BlueShield in unrelated matters.  The Plaintiffs
9  explain that they have suffered an injury in fact because Plaintiffs' counsel would
10 have challenged Mr. Larsen for cause had it known that his employer was a client of
11 Mills Meyers Swartling.  Plaintiffs' Reply, docket no. 295, at 2.  This argument is
12 unavailing as Plaintiffs have not explained how defense counsel's alleged conflict of
13 interest caused Plaintiffs' injury.  Whether Mills Meyers Swartling may be materially
14 limited in their representation of either Miller, King County or Regence BlueShield
15 has no demonstrated effect on the Plaintiffs.  It is not reasonable to suggest that Mr.
16 Meyers or Mr. Gori overlooked or failed to observe Mr. Larsen's employment at
17 Regence BlueShield during voir dire *because* of their firm's representation of Regence
18 BlueShield.

19  Plaintiffs have not attempted to explain how their requested relief would redress
20 their alleged injury.  The fact that Plaintiffs may have challenged Mr. Larsen for cause
21 had they known he was an employee of a client of defense counsel is not affected by
22 disqualifying Mills Meyers Swartling.  The Plaintiffs alleged injury is not redressable
23 by a favorable decision of this Court.

24  The Plaintiffs have no interest at stake in a conflict between the interests of
25 Regence BlueShield, the Millers or King County.  The Plaintiffs do not have standing
26 to bring this motion.

ORDER
PAGE – 3

**b.   Conflict**

Plaintiffs have not demonstrated that there is a conflict of interest. Plaintiffs argue that under the Washington State Rules of Professional Conduct (the "Washington RPCs"), defense counsel must be disqualified because "a lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests." Washington RPC 1.7(b). In particular, Plaintiffs argue that defense counsel's representation of the Millers and King County conflicts with their duties to their current and former client, Regence BlueShield, and their own interests. However, the Plaintiffs have not articulated how defense counsel's representation of the Millers or King County is in any way limited by their responsibilities to Regence BlueShield in entirely unrelated litigation. The two appear to have no bearing on each other. Regence BlueShield is not a party in this matter and it has no identified stake in the outcome of this matter. Further, the Plaintiffs have not demonstrated that defense counsel has any self-interest which would materially limit their representation of any of these parties. The Plaintiffs have not demonstrated a conflict of interest.

The Plaintiffs do not have standing to bring this motion to disqualify. The Plaintiffs have not demonstrated any conflict of interest. The Court DENIES the Plaintiffs' motion to disqualify, docket no. 272.

IT IS SO ORDERED.

DATED this 8th day of June, 2005.

_____
Thomas S. Zilly
United States District Judge

ORDER
PAGE – 4