UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE ESTATE OF ROBERT LEE THOMAS, SR., et al., | |
| Plaintiffs, | CASE NO. C03-796Z |
| v. | ORDER |
| MELVIN MILLER, et al., | |
| Defendants. | |

This matter comes before the Court on the Court's sua sponte reconsideration of its award of $10,000 in costs and attorneys' fees, docket no. 303. The Court has reviewed the briefs submitted by the Plaintiffs, docket no. 305, and the Defendants, docket no. 308, in response to the Court's June 8, 2005 Order and hereby VACATES its award of sanctions in the amount of $10,000 in costs and attorneys' fees.

Fed. R. Civ. P. 11 by its terms only applies to signed papers presented to the Court. See Fed. R. Civ. P. 11. The conduct in this case does not involve signed papers submitted to the Court.

Sanctions under 28 U.S.C. § 1927 are not available. 28 U.S.C. § 1927 applies to an attorney "who . . . multiplies the proceedings in any case unreasonably and

ORDER
PAGE – 1

vexatiously . . . ." 28 U.S.C. § 1927.  To award sanctions under 28 U.S.C. § 1927, the Court must find that defense counsel acted in bad faith or that defense counsel's conduct was tantamount to bad faith.  See Fink v. Gomez, 239 F.3d 989, 993 (9th Cir. 2001); New Alaska Develop. Corp. v. Guetschow, 869 F.2d 1298, 1306 (9th Cir. 1989).  Based on the evidence presented at the evidentiary hearing on June 6, 2005, the Court does not find that defense counsel acted in bad faith or that defense counsel's conduct was tantamount to bad faith.  See Transcript, docket no. 307, at 3:22 - 4:10.

Finally, sanctions pursuant to the Court's inherent authority are not available.  The Court's inherent authority is limited to instances when a party or their counsel has acted in bad faith or willfully disobeyed a court order.  Chambers v. NASCO, 501 U.S. 32, 45-46 (1991).  As observed above, the Court does not find that defense counsel acted in bad faith and no court order is at issue.

Based on the foregoing, the Court VACATES its award of sanctions in the amount of $10,000 in costs and attorneys' fees.

IT IS SO ORDERED.

DATED this 11th day of July, 2005.

_____
Thomas S. Zilly
United States District Judge